**Electronically Filed
Supreme Court
SCPW-14-0000786
03-JUN-2014
10:15 AM**

SCPW-14-0000786

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

DIANA R. MACHADO, Petitioner-Defendant,

vs.

HONORABLE LLOYD VAN DE CAR, JUDGE OF THE FAMILY COURT OF THE
THIRD CIRCUIT, STATE OF HAWAII, Respondent Judge,

and

JOHN A. MACHADO, Respondent-Plaintiff.

ORIGINAL PROCEEDING
(FC-D NO. 08-01-0037)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of petitioner Diana R. Machado's petition for a writ of mandamus, filed on April 29, 2014, the documents attached thereto and submitted in support thereof, and the record, it appears that petitioner fails to demonstrate that the respondent judge committed a flagrant and manifest abuse of discretion by denying the motion to disqualify counsel inasmuch as (1) petitioner was not a client of the law firm at the time of the divorce proceeding as contemplated under HRPC Rule 1.7, (2) petitioner does not establish that the prior matter in which

the law firm represented petitioner and respondent is substantially related to the current divorce matter, and (3) petitioner appears to have waived any conflict of interest objection. Petitioner, therefore, is not entitled to a writ of mandamus. See Kema v. Gaddis, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is meant to restrain a judge of an inferior court who has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act); Otaka v. Klein, 71 Haw. 376, 386, 791 P.2d 713, 719 (1980) (applying the "substantial relationship" test to review issues related to the disqualification of an attorney who is allegedly representing a party whose interests are adverse to those of the attorney's former client); Straub Clinic & Hosp. v. Kochi, 81 Hawaiʻi 410, 415, 917 P.2d 1284, 1289 (1996) (the grant or denial of a motion for disqualification is within the discretion of the trial court). Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi, June 3, 2014.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



2